Cueia, per
Johnson, J.
The general rule is that a party to a suit on record cannot be a witness. The interest which he has in the subject matter in litigation where he sues in his own right and the consequent temptation to perjury is the foundation of the rule. Where he sues in his representative character, as trustee, prochein ami, or executor his liability for costs creates an interest which is embraced by the principle and renders him incompetent, 7 Tem. Rep. 668. 1 Str. 505. 543.1 Burr. 444. nor indeed can any one be a witness who has a direct interest in the event of the issue, however inconsiderable that interest may be. With respect to the parties of record, I know of but two exceptions which have been allowed to this rule. The first is when they are admitted for the sake of trade and the common usage of business. On this principle merchants, shop-keepers, &c. are permitted to prove their book entries — and secondly from necessity within which it is supposed the present case falls. It is not, however, every necessity that exists in fact which renders them *25 competent; for that would arise in every case where there was no other proof and would entirely subvert the rule; but it is allowed in those cases only where from the nature of the transaction, no other proof could reasonably be expected. The case of Burdett vs. Hertford Hundred, 2 Roll. Ab. 685, cited Bull. N. Prius 289b, Bridgeman’s Edition, is an illustration of this exception. That was an action on the statute of Hue and Cry and there the plaintiff was admitted to prove the amount lost, because from the nature of the transaction, no other evidence was reasonably to be expected; and the reason on which the court proceeds is that the remedy given by the statute would be inoperative, unless such evidence was received. I have not been able to discover that it has ever been applied by the English Courts to any other case; and I am not disposed to enlarge the sphere of its operation. The case of Cantey vs. Sumter, 2 Bay 93, is relied on in support of the affirmative of this proposition; but on looking into that case, it will be seen that it could not have turned on that question, as is fully demonstrated by a review of it in Packhard vs. Knight, 3 M‘Cord 71, and the note. Lenox vs. DeHaas, 2 Yates Rep. 37, is clearly not within the principle of the exception, and the judgment of the court in that case was in all probability founded on the usage of the court or its peculiar organization and is not obligatory on this court. In any view of this question the plaintiff here was inadmissible. The circumstances were not such as in their nature to exclude the probable.existence of other evidence; nor did the necessity exist in point of fact. The witness Mrs. Saunders was present when the paper was found and gave evidence of the condition in which it was. It is said, however, that the plaintiff ought to have been admitted because he was not beneficially interested in the subject matter of litigation, and as costs are not allowed on a *26 feigned issue, be incurs no responsibility on that account. It is difficult, if not impossible to conceive a case in which apartyhas.no interest in the event; they appear tome to be inseparable, and if such a case should arise, I should be disposed to think that he ought not to be admitted. The rule itself is founded on motives of public policy and its value consists in the universality of its operation, and we know that one exception usually gives rise to another and when once the door is opened, they multiply in endless succession until the-rale itself is subverted. 'But there is no doubt as to this case. The plaintiff here has an interest that cannot be mistaken. He takes, it is true, nothing under the will, nor can the costs.of the trial of this issue be taxed against him by this court, but that he is responsible for his own eosts and for the expenses of the proceedings in the Court of Ordinary, there is no doubt; and the probability of being indemnified depends on the event of this cause.. He was therefore clearly inadmissible.

Motion refused.